SETH ECCLES
*vs.*
WESLEY B. MEYER CO.

Court of Common Pleas    New Haven County    File No. 33642

MEMORANDUM FILED JUNE 11, 1943.

*Herbert L. Emanuelson,* of New Haven, for the Plaintiff.

*Frederick C. Hesselmeyer,* of New Haven, for the Defendant.

MOLLOY, J.   The items of the plaintiff's bill of particulars are not contested, so if judgment is to be given for the plaintiff it should be in the sum of $315.53, with interest.

On December 4, 1941, a temporary receiver of the defendant corporation was appointed by the Superior Court for New Haven, which appointment was made permanent January 20, 1942.   Thereafter, the receivership took the usual course of such an action until June 26, 1942, when the final account of the receiver was ordered accepted, and all the assets of the corporation having been sold and all claims presented to the receiver having been paid, the receiver was discharged and the receivership proceedings were terminated.

It appears that Clifford F. Deckerman, agent, bought the assets of the corporation and paid all the claims and secured all the stock of the corporation, which was continued as a going concern.   In other words, the receivership proceedings did not terminate in a dissolution of the corporation.   This fact is the crux of this case, because the plaintiff having failed to present his claim to the receiver within the time limited by the Superior Court now asserts that his right to seek recovery of his claim in this court is not barred by the action of the Superior Court in the receivership proceedings, in as much as there was no dissolution of the corporation; whereas it is the contention of the defendant corporation that the plaintiff is now barred of recovery of his claim by reason of section 3468 of the General Statutes, Revision of 1930, and by reason of the proceedings as set forth in the Superior Court action, and the fact 'that a final decree was entered in said proceedings ordering the termination of the action because it was for the best interests of all concerned not to order a dissolution of the corporation, but to allow its continuance after the sale of its assets to the present owners and operators of the corporation.

This presents the real question in the case, for while the plaintiff contends that he did not receive a notice of the limitation of four months for the presentation of claims, either

actual by mail, or constructive by its publication in the daily press of New Haven, yet it is a reasonable deduction from the evidence of the course and procedure followed by the receiver in sending by mail the notice to all creditors as listed by the receiver, and of which the plaintiff's firm was one, that he was sent and he received such a notice.

Regardless of this, however, the plaintiff contends that in as much as the present defendant is the same corporation, the same corporate entity with which the plaintiff did business, and there being no dissolution, then the corporation is still responsible for its unpaid debts.

Section 3467 of the General Statutes, Revision of 1930, concerns circumstances under which a receivership of a corporation may be had for the dissolution of the corporation and the winding up of its affairs. Section 3468 provides, however, that the Superior Court "may, in its discretion, in lieu of decreeing the dissolution of such corporation, order the receiver to sell its property and franchises; and the purchaser thereof shall succeed to all of the rights and privileges of such corporation, and may reorganize the same under the direction of said court."

Now, it is conceded that a dissolution need not necessarily follow from the receivership proceedings, but it is contended that the statute, section 3468, is not intended to provide a method whereby a corporation may not pay some of its creditors and still continue to do business; and that the purpose of the order for the presentation of claims is only an incident to the dissolution of the corporation which, if not dissolved, makes the order of notice of no effect as to unpaid creditors who have not presented their claims in pursuance of such order of notice.

To uphold this claim of non-effectiveness of the order in proceedings such as were had in this case in the Superior Court would be to destroy one of the purposes of most receivership proceedings. To be sure, they are instituted under section 3467 for dissolution purposes, but as often happens, it may develop during the receivership that dissolution is inadvisable, unwise or unnecessary when it is apparent that the corporation can be saved and substantial justice done to all concerned; so the court under section 3468 is given discretion to order the sale of its property and franchises, the purchaser to succeed to all the rights and privileges of the

corporation, and so effect a reorganization of it. This most usually occurs as it did in this case by a compromise of all claims which have been presented to the receiver under the order of the court fixing a time for the presentation of said claims.

It is through such a compromise that it becomes possible to effect the desired sale and reorganization of the corporation. If the plaintiff's contention is correct, then no reliability can be placed by any purchaser of the corporation assets and franchises upon the court's supervision of the receivership. The defendants' owners put their faith in the Superior Court proceedings and they were *bona fide* purchasers. The Superior Court in its discretion, based on sufficient cause shown, saw fit not to order a dissolution. If the plaintiff's reasoning is to be adopted we might well visualize a situation of a claim being presented in such a sum as to far exceed that of the plaintiff's claim which might render the corporation bankrupt and the purchasers' investment worthless simply because a creditor failed, through his own fault and neglect, to present his claim and it happened that the receivership did not eventually terminate in a dissolution.

The reason for the requirement of notice is that it is indispensable to the just administration and distribution of the company's property that the court shall be advised and know, as far as possible, before it proceeds to adjudge the equities of the parties interested in it, or to sell it, or distribute its proceeds, just who are the claimants who seek to participate in it, and the nature and extent of their claims, so as to enable the court to reach a basis for action in determining the equities of the claims, the propriety of the sales, the probable value of the various claims, and the propriety of settlements and compromise thereof.

*Pahquioque Bank vs. Bethel Bank,* 36 Conn. 325, 334, and *Reilly vs. Pepe Co.,* 108 Conn. 436, are cited by the plaintiff in support of his position. Both cases are distinguishable, it seems to me, from the instant case. The former was a dissolution by a receiver appointed by the Comptroller of the Currency of the United States as provided for under the federal banking laws. The court observed that for the protection of creditors a dissolution of the corporation by winding up or other act of the stockholders, or in any mode except legislative repeal or judicial decree, would not effect the

rights of creditors, and it said further that it would be extra-ordinary indeed if the power of conclusively determining the rights of creditors should be given to a single officer rather than to a court of justice in accordance with common law. In other words, here was a dissolution entirely disassociated with any court proceedings. The situation was not at all like that of the instant case.

Similarly in the *Reilly* case, which cited the *Pahquioque* case with approval, there was a voluntary dissolution by act of the stockholders for the purpose of avoiding a death claim. The court refused to permit the fraud to be perpetrated, as similarly it did in *Sullivan County Railroad vs. Connecticut River Lumber Company,* 76 Conn. 464, where the president of the corporation intentionally concealed the existence of a claim from the knowledge of the court and from the knowledge of the receiver.

In the instant case there is no indication other than that every effort was made to faithfully carry out the receivership proceedings in accordance with the rules governing such proceedings and the orders of the Superior Court. This being so, it would seem that some effect must be given to the proceedings in the Superior Court; a part of that effect is that if a creditor does not file his claim in accordance with the orders of the court, then his claim is barred under the circumstances.

It is, therefore, the court's conclusion that the statutory requirements concerning receivership proceedings having been complied with, the plaintiff is barred of recovery of his claim, and judgment is, therefore, directed for the defendant.